IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SOLOMON STANLEY,                    )
                                    )
      Plaintiff,                    )
                                    )
                                    )        Civil Action File No.
v.                                  )        1:25-cv-03431-MLB
                                    )
ATLANTA FIVE PLUS                   )
HOLDINGS LLC,                       )
                                    )
      Defendant.                    )

**JOINT STIPULATION FOR APPROVAL OF CONSENT DECREE
AND FOR THE DISMISSAL OF THIS ACTION WITH PREJUDICE**

COME NOW, Plaintiff Solomon Stanley and Defendant Atlanta Five Plus

Holdings, LLC, (collectively, the "Parties"), in accordance with their settlement of

this matter, and hereby file this Joint Stipulation seeking the Court's approval of the

proposed Consent Decree attached hereto as Exhibit "A", incorporated herein by

reference, and for the entry of an order dismissing this matter with prejudice. In

support thereof, the Parties respectfully show the Court as follows:

1.      Plaintiff filed the instant cause of action alleging violations of Title III

of the American with Disabilities Act, 42 U.S.C. § 12181 *et seq*., concerning certain

real property and improvements located thereon owned and/or operated by

1

Defendant (the "Property" and the "Facility") (Complaint, Doc. 1).

2. The Property and Facility are already subject to that certain Consent Decree approved and ratified in the action titled Yvonne Brown v. Atlanta Five Plus Holdings LLC, United States District Court for the Northern District of Georgia, Civil Action File No. 1:23-cv-01920-AT (See, Doc. 8 and Doc. 9 filed in that action and incorporated herein by reference), and Plaintiff and Defendant have agreed to settle the matters raised by Plaintiff's Complaint in accordance with the proposed Consent Decree attached hereto.

3. "District courts should approve consent decrees so long as they are not unconstitutional, unlawful, unreasonable, or contrary to public policy." Stovall v. City of Cocoa, 117 F.3d 1238, 1240 (11th Cir. 1997).

4. The Consent Decree attached hereto is in the public interest because it represents an agreement between the Parties for Defendant to undertake certain alterations and modifications to make the Facility and Property conform to the 2010 ADAAG standards to the maximum readily achievable extent, thereby promoting wheelchair accessibility for disabled individuals..

5. As such, Plaintiff has in part brought this action in the interest of similarly situated disabled persons in his community, and the Parties have agreed to the settlement memorialized by the proposed Consent Decree with the intent of

precluding unnecessary and duplicative future litigation concerning the same claims. *See Harty v. Ehden, N.V.*, 2012 WL 2312044 (S.D. Fla. 2012).

6.      Accordingly, the Parties respectfully request that the Court review, approve and ratify the settlement of this action by entering an order approving the proposed Consent Decree.

7.  As part of the settlement reached between the Parties, they have agreed that this action shall be dismissed with prejudice with this Court retaining jurisdiction to enforce the terms of the proposed Consent Decree.

8.      Accordingly, upon the Court's review, approval and ratification of the proposed Consent Decree, the Parties request that this action be dismissed with prejudice and that the Court retain jurisdiction to enforce the terms of the Consent Decree. *See American Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002) ("[I]f the district court either incorporates the terms of a settlement into its final order of dismissal *or* expressly retains jurisdiction to enforce a settlement, it may thereafter enforce the terms of the parties' agreement").

.

9.      Except as otherwise stated in the proposed Consent Decree, the Parties shall bear their own fees and costs.

WHEREFORE, the Parties respectfully request that the Court enter an Order approving the proposed Consent Decree anddismissing this  action with prejudice while retaining jurisdiction to enforce the Consent Decree.

Dated: March 23, 2026.

Respectfully submitted,

/s/Pete Monismith
Pete M. Monismith
Georgia Bar No. 941228
1000 Main Street, #2016
Pittsburgh, Pennsylvania 15215
Tel: (724) 610-1881
pete@monismithlaw.com

*/s/Danny Seelos*
Daniel T. Seelos
Georgia Bar No. 235211
Ruda Hirschfeld Papera & Hoffman LLP
1155 Perimeter Center West, Suite 800
Atlanta, Georgia 30338
dseelos@rhph.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that on March 23, 2026, I filed the within and foregoing Joint Stipulation for the Approval of Consent Decree and for the Dismissal of this Action with Prejudice using the CM/ECF System for the federal District Court for the

4

Northern District of Georgia, resulting in a true and correct copy of the same to be served via electronic mail as follows:

Danny Seelos
Ruda Hirschfeld Papera & Hoffman LLP
1155 Perimeter Center West, Suite 800
Atlanta, Georgia 30338
dseelos@rhph.com

/s/Pete Monismith
Pete M. Monismith

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Pete Monismith
Pete M. Monismith

4890-6306-4199, v. 1